UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No.: 6:10-bk-16177-KSJ |
| | Chapter 11 |
| ISLAND ONE, INC., *et al.* | |
| | **Jointly Administered with Case Nos.:** |
| Debtors. | **6:10-bk-16179-KSJ; 6:10-bk-16180-KSJ** |
| _____/ | **6:10-bk-16182-KSJ; 6:10-bk-16183-KSJ** |
| | **and 6:10-bk-16189-KSJ** |
| LARRY S. HYMAN, AS TRUSTEE OF THE ISLAND ONE UNSECURED CREDITOR TRUST, | |
| Plaintiff, | |
| vs. | Adv. Pro. No. 6:11-ap-_____-KSJ |
| STERLING INFOSYSTEMS, INC., | |
| Defendant. | |
| _____/ | |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFERS**

Larry S. Hyman (the "**Plaintiff**" or the "**Trustee**"), as Trustee of The Island One Unsecured Creditor Trust (the "**Trust**"), by and through the undersigned counsel, files this Complaint to Avoid Preferential Transfers (the "**Complaint**") against Sterling Infosystems, Inc. (the "**Defendant**") and, in support thereof, respectfully states as follows.

**NATURE OF THE CASE**

1. By this Complaint, the Plaintiff seeks to avoid and recover from the Defendant all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of the Defendant by Island One, Inc. (the "**Debtor**") during the ninety (90) day period prior to the filing of the Debtor's bankruptcy petition.

## JURISDICTION AND VENUE

2.  This is an adversary proceeding brought pursuant to Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 105 and 547 seeking to avoid the transfer of property of the estate of the Debtor.

3.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334.

4.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

6.  The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**") on September 10, 2010 (the "**Petition Date**").

7.  On May 4, 2011, the Court confirmed the First Amended Joint Plan of Reorganization Submitted by Island One, Inc., Crescent One, LLC, St. Croix One, LLC, Island One Resorts Management Corporation, Navigo Vacation Club, Inc., and IOI Funding I, LLC (Doc. No. 366) (the "**Plan**").

8.  An order confirming the Plan was entered on May 26, 2011 (Doc. No. 521), and an amended order confirming the Plan was entered on May 27, 2011 (Doc. No. 531) (collectively, the "**Confirmation Order**").

9.  In accordance with the Plan and Confirmation Order, the Trust was established pursuant to an Unsecured Creditor Trust Agreement (the "**Trust Agreement**") and Larry S. Hyman was appointed as the Trustee of the Trust.

10. Under the Plan and the Trust Agreement, the Plaintiff was vested with all of the Debtor's rights to pursue any and all claims, actions and causes of action arising under and pursuant to Chapter 5 of the Bankruptcy Code (Doc. No. 366 at ¶ 1.129; Doc. No. 521 at Trust Agreement, Article VII).

## COUNT I
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

11. The Plaintiff hereby incorporates the allegations in paragraphs 1 through 10 as if fully realleged herein.

12. Pursuant to the statement of financial affairs executed by the Debtor's chief executive officer under penalty of perjury and filed by the Debtor in the bankruptcy case, the Debtor transferred property of the Debtor to the Defendant within the ninety (90) day period prior to the Petition Date, that is between June 12, 2010 and September 10, 2010, in an amount of not less than $7,522.00 (the "**Transfers**"). Attached hereto as Exhibit "A" and incorporated herein by reference is an itemized list of the Transfers.

13. The Defendant was a creditor of the Debtor at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A).

14. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed to the Defendant.

15. The Debtor made the Transfers to the Defendant for or on account of an antecedent debt or debts owed by the Debtor to the Defendant before the Transfers were made.

16. At the time of the Transfers, the Debtor was insolvent within the meaning of §§ 101(32) and 547(f) of the Bankruptcy Code.

17. As a result of the Transfers, the Defendant received more than it would have received if: (i) the Debtor's case was liquidated under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment for such debt to the extent provided by the applicable provisions of the Bankruptcy Code.

18. In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

19.     The Plaintiff hereby incorporates the allegations in paragraphs 1 through 18 as if fully realleged herein.

20.     The Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

21.     The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

22.     Pursuant to 11 U.S.C. § 550(a), the Plaintiff is entitled to recover the Transfers from the Defendant, plus interest thereon from the date of each of the Transfers and the costs of this action.

WHEREFORE, the Plaintiff respectfully requests that this Court: (a) enter a judgment against the Defendant as to Counts I and II of the Complaint; (b) avoid the Transfers pursuant to 11 U.S.C. § 547(b) of the Bankruptcy Code in the amount of $7,522.00, and, to the extent they are avoided, grant recovery thereof to the Plaintiff pursuant to 11 U.S.C. § 550; (c) award prejudgment interest at the maximum legal rate running from the date of each of the Transfers to the date of judgment herein; (d) award of the costs of this action, and (e) grant such other and further relief as is just and proper.

Dated: August 1, 2011

BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
813-224-9255 - Telephone
813-223-9620 - Facsimile
Counsel for Larry S. Hyman, as Trustee of
The Island One Unsecured Creditor Trust

By:     /s/ Adam Lawton Alpert
        H. Bradley Staggs
        Florida Bar No. 980773
        *bstaggs@bushross.com*
        Adam Lawton Alpert
        Florida Bar No. 0490857
        *aalpert@bushross.com*

1003275

**EXHIBIT "A"**
**Island One, Inc.**

| Transferee | Date of Transfer | Amount | Total Amount |
|---|---|---|---|
| Sterling Infosystems, inc. | 09/02/2010 | $2,301.00 | |
| Sterling Infosystems, inc. | 07/08/2010 | $2,222.50 | |
| Sterling Infosystems, inc. | 07/29/2010 | $2,998.50 | |
| **Sterling Infosystems, inc.** | | | **$7,522.00** |